Um, finance versus Harris. Okay, um, Mr. Loftus, good morning. May it please the court. This is Alex Loftus on behalf of, uh, you might turn to your volume of Mr. Loftus. Yeah. Sorry, please stop the call. How am I now? Still a little bit low in your volume, but maybe just speak closer to wherever that is. I'll talk louder. Um, so, uh, we have a neat, narrow legal question here is whether the statute allows for equitable tolling. Um, what's changed since there were last cases addressing this question is the nature of cryptocurrency. Um, it is not an easy question at any stage of the game, whether or not a cryptocurrency is a security. Um, the determining factor in most of these cases as to whether or not a cryptocurrency is a security is whether it has utility. Um, this is unlike the other cases where there's a question of whether or not something was registered, um, with the issue of whether something has, I'm not counsel. I'm not sure the nature of the security affects the analysis here. I think it's either a legal question one way or the other, but let me indulge you for a second. How is cryptocurrency any different from anything of a jig that's been invented since people were selling other things that were worthless to people. Um, in other words, since the beginning of time. Um, so I, I just have a hard time understanding how, just because we call it something else and it's not as tangible as, as a, a stock certificate or a bond certificate of all the number of contracts that over the years we've had to litigate of whether it's a security or not, why this is so overwhelmingly different that we need to create a rule that seems to be inconsistent with all other law. There is no need to create a rule. And it's, and it's very consistent with other law. Um, take for example, um, a casino. So if I can focus you on it, cause I, I'm going to go to that. Cause if we're talking about just the law, I'd like to go to the questions that were offered to you, because as I read the Supreme court's decisions, there are three boxes. That's the best way I can describe it. Box. Number one is equitable tolling, which is what the term you use to start your argument box. Number one deals with a situation where the statute of limitations is recognized to have started. In other words, everyone knows that it has started, but something happens in the middle that stops it or that should stop it because of some issue of equity box. Number two is the general discovery rule. And this is sort of a, a S an issue of statutory interpretation that where Congress sort of says three years without saying anything else, it litigates or it legislates, I should say on top of this general principle or general presumption. And that's overcome by statutory language. Like for example, here where it says upon the violation as, as the Supreme court said in Rotsky. And then the third thing is a fraud based equitable discovery rule. That is, I understand the Supreme court's case law and, and show me where I'm wrong on this has only applied in fraud cases. And except that you have not brought a fraud case. You have brought an administrative case under under the regulatory statute. I know you say you didn't learn of it because of fraud, but the case itself is not a fraud case. So my question, sorry, my long question to you is this, has the Supreme court or our court ever extended the equitable discovery rule, the third box that I'm talking about to a non fraud case. They have not extended it. Well, no equitable tolling generally applies to all federal statutes and that that's the discussion. So again, I'm only asking about box three. So only in the box three. No, I have no, there's, I'm not aware of any case. So if we find that equitable tolling does not apply because this is not a situation where you're saying that there's something happened as the statue limitations was running, but that it shouldn't start to begin with equitable tolling doesn't apply. And if we find that the statute like Rotsky specifically overcomes the general legislative presumption of the discovery rule, because it says it starts upon violation, then what are you left with? We're left with the pure equitable tolling that there is. And it seems to be the problem for that is the allegations of your own complaint defeat any argument of equitable tolling. The allegations of what your client knew are more than sufficient to have put your client on notice of the potential cause of action. It's not something where there was a fraudulent concealment that would have led your client to believe something else. Your client was told lots of things about the own allegations of your complaint, that these were a security, that these were investments. The key thing that he was told is that there was going to be utility. And there was utility in the token that they could be redeemed for videos. And then when things fell apart, then they could be redeemed for this. Here's paragraph four defendants touted and plaintiffs reasonably expected that the tokens received would increase in value. Right. That's, that sounds like an investment. This isn't Chuckie cheat cheese tokens. This is your complaints riddled with paragraphs about the investment nature of these tokens and that your client reasonably expected to receive a profit from them. So your client wasn't in any way misled about what they needed to know to know that they have a claim here. Well, he's missing the key fact that there was no legitimate utility for the tokens. If the tokens could be on videos or the tokens could be spent as tickets for a concert, then it would not be a security. So, so long as that misrepresentation continues, that there is some utility for it. Then the fact as to whether or not it is a security is being concealed. Can I back up? Because as I understand the doc, so for just time and equitable tolling, we're only talking about box one. Yes. We're agreeing on box one here. Yes. Box one is described in the opinion that we sent you from Rotsky. And this isn't the dissenting opinion, but it goes to the description here. Equitable tolling describes a doctrine that pauses or tolls a statutory limitations period after it has commenced. Your argument is not that there's a statute of limitations that has commenced and then stopped because of some act. Your argument is that it never started to run. Right? No, the statute provides it starts running when it's sold. I agree with that. But you're saying that time period doesn't start because you didn't know it was a security at the time. That's been your argument from day one. That we should not start the period because we didn't know this was a security under the law until the Georgia court ruled that it was a security. Right? Correct. So how can equitable tolling as a doctrine apply where your argument is not that it started and then stopped because of some act that happened by someone else, but that it never started at all. It would seem that equitable tolling box one is not applicable to you. It's not available to you because that's not your argument. As a matter of law, even if Judge Pryor is 100% right as he is regarding your allegations. And along those same lines, if the statute of limitations started when it was sold, the tokens were sold, what triggered the pause? What triggered the statute? Take them one at a time, Mr. I'm losing it. You guys are hot. Let's take Judge Lux first. Your argument isn't that the statute started to run. That's his point. It's not an equitable tolling argument. Well, the discovery rule is a stretch because the statute specifically provides that this starts running independent of discovery when it's sold. We agree. Yeah. Yeah. But discovery rule and equitable tolling. That's I mean, that's one of the things we told y'all. Yeah. Those are two different things. Yeah. Okay. Oh, as far as I think the district court was wrong about about the analysis of the text and the implication of it, but it may it may not have its error may not have made a difference here. I appreciate your point. The issue is that the statute of limitations starts running when it's when it's initially sold. It is told so long as the defendant is representing that this is a security and it has utility. There is no reason to file suit or pursue any action based on a securities violation. So long as you reasonably believe this has utility. Once it is discovered that it doesn't match your argument for why it was concealment that that told the statute equitable. Correct. So it's not until the lack of utility is discovered that there's anything actionable. Right. In other words, the statute never ran until that was discovered. Well, no, because the statute specifically provides it starts when the it's when it when it was sold. Right. Yeah. But that only applies to securities. If you're saying that I do not know is security. If this is your argument. I never did know is security until the northern district of Georgia told me it was a security. Then how does the statute of limitations ever run? Because it only triggers on a violation. And your point is, it's not a violation until we know. That's why Congress is so wise to include a statute of repose. And this has a one year from when it's sold and then a three year statute of repose, which absolutely not ever with after three years, which that makes perfect sense to have a statute of repose when you have this challenging question as to whether or not something is a security and whether or not there's facts to bring a claim based on being a security. Let's hear from Mr. Mr. Shepard, you are muted. Your Honor, may it please the court. I'm Albert Shepard. I represent one of the Applebee's case, Mr. Clifford Harris. I respectfully submit. This court is right on the question. Equitable tolling does not apply here. And a maximum of equity that goes back. If you just if the statute starts running on the sale of the security. Right. Right. And the question is, is there been some kind of concealment or some kind of act of the defendant that equitably tolls? You can look at the allegations of this complaint and see how the equitable tolling doctrine is, in fact, rebutted. I agree. The the question is, do you agree that the district court was wrong to look at the text about the discovery rule and equate that with equitable tolling? Those are really, I think there are different things. And I think the court in Lamp, for example, was made clear that when a statute is clear, the affirmative pronouncement of the law is clear. We don't go to equity. We don't but we don't decide. We don't use a multifactor test. Right. We don't have a discovery rule here. But not in not in 12, a one cases we do in 12, a two cases. Yes. And one can understand why that's a fraud cause of action. And certainly in such a fraud cause of action, people may not know about facts that are important or such facts can be concealed. Whether the health of of employees or the nature of contracts of the issuer. But that's not what we have in a 12, a one case. We have only one fact that's relevant. The fact they'll none of registration. That fact is of public record and it is a long standing element of our jurisprudence in many, many circumstances in the common law of of real estate and in others that one cannot be deceived about something that is a matter of public record. I respectfully submit that the hate that the hail Mary tax is the assertion that the plaintiff didn't know this was a security and somehow some act of a defendant. And by the way, I've not seen any rule nine be pleading that would would actually provide such an allegation of any statement that was made. But the plaintiff's pleading alone and hit right on it. The plaintiff pleads the how we test from A to Z and does so beginning at paragraph four. And then at paragraph six and seven through seven, please, the how we test and at paragraph 114. So the plaintiff pleads all kinds of facts that that that that make clear from the beginning, even if they say it wasn't a security. They they they they were saying all kinds of things that made clear that it was as they must to state a claim for securities violation. And I say without trying to be unduly humorous, that it would be nice for those of us who were in the position of defendants to take advantage of the same rule, that if it doesn't spring into being as a security until the judge rules upon it. Well, on the date of the sale, it wasn't. That's not going to be a defense that we're going to be able to assert anywhere without sanctions. The nature of the security is determined by the facts that surround the sale. The ignorance of any party to litigation of the legal rights that flow from facts is never an excuse. And certainly I've seen no case cited by the appellant that says so. And indeed, there are alternative cases. If I may, there is there's a case that I found that's not cited in my brief, but says it well. And that is the United States versus Kubrick for four for US one eleven at one twenty two. And then that was a tort claims case. And the plaintiff was aware of his injury, but he claimed not to know it was caused by alleged medical malpractice. So the court said and declined to rule tolling the statute due to plaintiff's failure to understand his legal rights and had a nice quote. We are unconvinced that for the purpose for the statute of limitations purposes, a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. Here, the plaintiff knew that the plaintiff was seeking a investment return. The plaintiff says so. The plaintiff knows and it's pled that the results of this return would be determined by the investments of by the actions of another. And honestly, I think that the plaintiff did a good job of pleading the Howie test. And we are obliged to accept that as true for the purposes of this proceeding today in my motion to dismiss. And that's where I think this case ends. I'll reserve the rest of my time, Your Honor. If there are questions, I'd love love to hear my I enjoy. We always appreciate we always appreciate time given being back to us. All right. Well, we'll do that now. Thanks for having me. Thank you. I've got a daughter watching. So it's pretty exciting. She should know you did a nice job. Mr. May it please the court. My name is Joshua Louther, and I'm the attorney for Defendant Appellee Ryan Felton. I know you've got an alternative ground for affirmance, but do we even really need to get there? No, Your Honor. I suspected it would be a bit difficult to follow or to argue behind Mr. Chapar, not simply because of his ability, but the issue in this case is straightforward. This is very straightforward. There is a discovery rule. There is equitable tolling. There are two different things. Equitable tolling applies in fraud cases. The plaintiff chose to bring a regulatory or administrative claim, as Mr. Chapar said, I think regular I think what equitable tolling ordinarily applies for all federal statutes as a statute of limitation as a background principle. I do not want to say, nor do I think we need to hold that there could not be a potential application for equitable tolling with respect to the statute of limitation. The real question is, is whether the plaintiff's complaint makes clear that there's no equitable tolling here. Isn't that right? I do agree with that. We certainly I wouldn't say concede. We do agree with with that position. And it's certainly not inconsistent with our position in the case. So, you know, again, I have made every effort to give a complete argument and analysis, but it's an A1 claim. As Mr. Chapar stated, the only issue is, was the security registered at the time of the sale? That is absolutely an issue that can be determined by anyone who makes any effort to go online to see what's there. And I don't think there's any ambiguity in the statute or anything else. It's one year from the sale. The statute of repose is three years from its being made public. And in this particular case, I do to answer the court's question that it directed us to to address. I do not think that equitable tolling applies to this case, obviously. Therefore, there's no need to reach the second question. And I believe the plaintiff's claims are time barred. OK. Any other questions? Thank you, Mr. Thank you. Mr. Loftus, you've got five minutes. OK, I can read a room. So I know where this is going, but let's make good law while we go there. So Mr. Fenton's is likely going to be out as three grand investment. I get it. But this is a very important issue for the SEC when enforcing things. Other claimants claims that there is a opportunity here to make to clarify the law that equitable tolling is allowed. And then if the court sees fit, they could say equitable. Equitable tolling is a general background principle that applies to federal statutes of limitation. And that is not what the district court held. The district court was wrong about that. And so if there's an opinion entered, it says district court was wrong and remanded. And here's why, Mr. Fenton, the district court was wrong, but we could affirm on a different ground and making it very, very clear. So we create some precedent that's clear in the 11th Circuit that this is there is an opportunity here for enforcers. If you're trying to manage expectations, Metro office, I think you may be you may get it. Just stressing the the the overarching grand legal importance of this issue. There's there's three cases pending in the SEC and in New York now on the same point. And the legal question here is of tremendous importance, which is kind of why I'm excited about this. There's a bunch of reasons why this case is not a good thing. But I just press that the court has an opportunity here to make law that grows with the times. It makes clear that it is not just a question of whether or not something is registered, that there actually is an opportunity to plead a cause of action after a year where there has been some misrepresentation about the nature of the investment. That's all I got time for lunch, right? Have a good afternoon. Court will be in recess until tomorrow. Thank you very much. Thanks.